IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN C. CRUZ-TAPIA [3],<br><br>Defendant. | CRIMINAL NO.  10-324 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Juan C. Cruz-Tapia was charged in Counts Nine, Ten and Twelve of an Indictment and he agreed to plead guilty to Count Twelve of the Indictment. Count Twelve charges that, on or about October 21, 2009, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants did knowingly possess a firearm in furtherance of a drug trafficking crime as defined in Title 18, United States Code, Section 924(c)(2), that is, a violation of Title 21, United States Code, Sections 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled Substance, as charged in counts Eight and Ten of the Indictment herein, an offense, either of which, may be prosecuted in a court of the United States, all in violation of title 18, United States Code, Sections 924(c)(1)(A).

On June 20, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count Twelve of the Indictment, upon being advised of his right to have said proceedings before a district

United States of America v. Juan Carlos Cruz Tapia [3]
Criminal No. 10-324 (DRD)
Report and Recommendation
Page 2

judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition[2], to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count Twelve, he was examined and verified as being correct that: he had consulted with his counsel, Laura Maldonado-Rodríguez, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defense counsel proffered to the Court above defendant had been under mental health treatment with the VA Administration for 9 years prior to his arrest. After defendant's arrest, his medications were substituted at MDC Guaynabo which initially caused him instability. Defendant was then transferred to Miami for an mental evaluation. The presiding District Judge is not satisfied with the outcome of the evaluation inasmuch as the evaluation performed was not the one he ordered. Defense counsel traveled to Miami and met with defendant who at the time was stable, alert, capable of understanding counsel and to make coherent decisions, discuss the discovery and different options. Defendant was then transferred back to Puerto Rico where he was started on medications at MDC Guaynabo where he has been for the past 4 months. Defendant is actually on medications and, although not cured, defense counsel believes he is stable enough to understand the judicial proceedings and make knowing and voluntary decisions. Upon being questioned by the undersigned, defendant indicated he took, within the 24 hours prior to the hearing, a medication to help him sleep which he did not recall the name, Imodium for his bowel syndrome and Prevacid for gastritis. Defendant indicated the intake of these medications does not affect him to understand the proceedings. Based on defendant's coherent and assertive answers to our questions, his demeanor and assertions of counsel, a determination of competency was made.

waiving his right to a public, speedy, and a trial by jury constituted by twelve (12) jurors who have to unanimously agree to a verdict. he was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. he was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Maldonado-Rodríguez, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The statutory penalty for the offense charged in Count Twelve is a term of imprisonment of not less than five (5) years and not more than life, a fine not to exceed Two hundred and fifty thousand dollars ($250,000.00), and a term

of supervised release of not more than five (5) year in addition to any term of imprisonment.

Pursuant to paragraph number four (4), defendant shall pay a special assessment of one hundred dollars ($100.00) per count of conviction.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B)" ("the Agreement") and the "Plea Agreement Supplement"[3] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count Twelve, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory. However, the United States Sentencing Guidelines do not have any provision as to a § 924(c) violation, as the one to which defendant is pleading guilty to.

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized she explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Juan Carlos Cruz Tapia [3]
Criminal No. 10-324 (DRD)
Report and Recommendation
Page 5

However, the criteria under 18, <u>United States Code</u>, Section 3553 was discussed by defense counsel with defendant.

Pursuant paragraph eight, the parties recognize and agree that a total of 60 months would be the recommendation of the United States. This recommendation was reached with full contemplation of the sentencing factors under Title 18, <u>United States Code</u>, Section 3553, et seq. At sentencing the United States will make a motion to dismiss the remaining counts of the indictment.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

Pursuant to paragraph sixteen, the parties agree that any request by the defendant for any sentence other than 60 months unless agreed to by both parties in writing will be considered a material breach of this Plea Agreement.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

United States of America v. Juan Carlos Cruz Tapia [3]
Criminal No. 10-324 (DRD)
Report and Recommendation
Page 6

     Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

     Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph fifteen (15) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences.  Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

     Defendant waived the reading of the Indictment in open court because he is aware of its content.  Defendant was shown a written document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement,

wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Twelve was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count Twelve of the Indictment in Criminal No. 10-324 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Twelve of the Indictment in Criminal No. 10-324 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be held on October 21, 2011 at 9:30 am before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 22nd day of June of 2011.

                                                 s/ CAMILLE L. VELEZ-RIVE
                                                 CAMILLE L. VELEZ-RIVE
                                                 UNITED STATES MAGISTRATE JUDGE